# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:_____

**YIZREL MELENDEZ,**
And other similarly situated individuals,

    Plaintiff(s),

v.

**BANK OF AMERICA CORPORATION,**
a Foreign Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, **YIZREL MELENDEZ**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, **BANK OF AMERICA CORPORATION**, a Foreign Profit Corporation ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

1

4. Defendant, BANK OF AMERICA CORPORATION, is a Foreign Profit Corporation conducting business in Broward County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due and owing in Broward County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff worked for Defendant from on or about February 1st, 2006 through on or about July 18, 2016 as Assistant Manager.

9. Throughout Plaintiff's employment, Defendant has consistently hired men at considerably higher rates than women, such that the salary structure has resulted in a substantial disparity between the male and female employees in each category.

10. Male Assistant Managers perform substantially similar work under similar working conditions as Plaintiff.

11. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

12. Specifically, during Plaintiff's employment with Defendant, she was paid an annual salary significantly less than similarly situated male counterparts, such as: Rodolfo Diaz, Larry Gomez, Danny Singh, Robert Butler Jr., and Rocky Kassim.

13. Throughout her employment, Plaintiffs regularly worked in excess of forty (40) hours per week in a given workweek. On average, Plaintiff worked approximately fifty (50) hours per week.

14. Despite being given the title of Assistant Manager, Plaintiff was improperly classified as an overtime exempt employee. Throughout her employment, Plaintiff's primary duties remained that of a non-exempt employee. As such, Plaintiff was not paid at the proper overtime rate for all hours worked in excess of forty per week.

15. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty in a given work week.

## COUNT I
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. Plaintiff belongs to a protected class; she is female.

18. Plaintiff's job functions as Assistant Manager with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male Assistant Managers, and they were performed under the same or similar working conditions.

19. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Assistant Managers' wages while performing the same or substantially more work than her male coworkers.

20. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

21. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Misclassification and Unpaid Overtime Wages*
*Fair Labor Standards Act, 29 U.S.C. §§ 201-219*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

23. This action is brought by Plaintiff to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

24. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3/16/17

Respectfully submitted,

*[signature]*

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsmile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rreigueiro@rgpattorneys.com
pn@rgpattorneys.com