UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-60542-WPD

YIZREL MELENDEZ,

       Plaintiff,

v.

BANK OF AMERICA, N.A.,

       Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND FOR DISMISSAL, WITH PREJUDICE,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Yizrel Melendez and Defendant Bank of America, N.A., by counsel, jointly request the Court to enter an Order approving their negotiated resolution of the above-referenced matter, and dismissing this action, with prejudice.

**I.**    **Introduction**

Plaintiff commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. and the Equal Protection Act, 29 U.S.C. § 206, *et seq*. ("EPA"). The Plaintiff and Defendant jointly request that the Court enter an order approving the settlement reached between the parties in resolution of a *bona fide* dispute regarding Plaintiff's asserted entitlement to damages under the FLSA and EPA. The parties have engaged in extensive discovery and motion practice, and have negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in the settlement agreement. Exhibit A.

In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

The parties request that this Court consider the parties' agreement under the procedures and standards set forth in *Lynn's Food Stores*. 679 F.2d at 1350. The Court will find, after scrutinizing the agreement, that it is fair and should be approved. The agreement reflects reasonable compromises of issues actually in dispute, it was reached in an adversarial context in which Plaintiff was represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.     **Procedural History**

Plaintiff filed this lawsuit in this Court on March 16, 2017, alleging that Defendant violated the FLSA and the EPA. Plaintiff claims that she worked more than 40 hours in some workweeks but was denied overtime owed to her. She also claims that she was paid less than her male coworkers for performing the same or substantially more work. Defendant denies these allegations, and Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation. The parties exchanged and responded to written discovery, took and defended five depositions, including the deposition of Plaintiff and a Bank of America 30(b)(6) designee, and engaged in motion practice, including Plaintiff filing a motion for judgment on the pleadings, and Defendant filing a motion for partial summary judgment after the close of the discovery period. The parties have now reached an agreed settlement as to Plaintiff's claims.

### III. The Appropriateness of the Settlement

This Court should approve this agreement because the settlement is the product of robustly contested litigation, Plaintiff is represented by competent and experienced counsel, and the settlement agreement reflects a reasonable compromise over disputed issues. The settlement provisions also are fair and reasonable.

Claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. *Lynn's Food Stores* essentially established three factors for a district court to examine to determine whether to approve an FLSA settlement:

1. Was the settlement achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect her rights?

3. Does the settlement reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353–54.

Here, the settlement was reached in an adversarial context as it arises from the lawsuit Plaintiff filed in this Court. As the Eleventh Circuit noted in *Lynn's Food Stores*, settlements negotiated in the context of litigation portend a greater indicia of fairness because

> initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.*

3

Plaintiff is also represented by counsel of her choosing, who has protected her rights during the settlement negotiations. And the settlement "is the product of extensive arms-length negotiations, undertaken in good faith after substantial factual investigation and legal analysis by counsel for both parties," which is a "factor that weighs in favor of approval." *Quintanilla v. A&R Demolition Inc.*, No. 04-cv-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id*. In this case, Plaintiff's attorney is fully aware of the factual contentions of his client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

Finally, the agreement reflects a fair and reasonable compromise of *bona fide* disputes between the parties regarding the questions of liability and the amount of alleged damages under the FLSA.[1]

Plaintiff's employment with Bank of America ended on July 9, 2016, and she filed her suit on March 16, 2017. As a result, a two-year statute of limitations creates a claim period of March 16, 2015 through July 9, 2016, which is approximately 68 weeks. The alternative 3-year statute of limitations creates a claim period of March 16, 2014 through July 9, 2016, which is approximately 116 weeks. From those totals, additional workweeks would need to be deducted based on Plaintiff's paid vacation weeks and the ten weeks per year when there was a bank holiday and the financial center at which she worked was closed for an additional day. After those deductions, the parties agree that there would be a claim period of approximately 53 weeks based on the 2-year limitations period and 88 weeks based on the 3-year limitations period.

---

[1] As for the EPA claim, the parties agree that Plaintiff's potential damages under the EPA are not significant. Moreover, Defendant believes that the evidence supports the dismissal of Plaintiff's EPA claim should this matter have proceeded to the Courts' consideration of its motion for partial summary judgment. *See* Dkt. 35.

Plaintiff alleges that she worked between five and ten hours per week of unpaid overtime. At her regular rate of pay and the resulting overtime rate, and based on an average of 7.5 hours per week of alleged unpaid overtime hours, Plaintiff's potential recovery on her FLSA claim, including liquidated damages, would be $30,194 on a 2-year limitations period or $50,133 on a 3-year limitations period.

But, there are several factors that could prevent or significantly reduce Plaintiff's potential recovery as calculated above.  First, she will have to prevail on her claim that she worked any overtime for which she was not properly compensated.  Second, the jury would have to conclude that Plaintiff was entitled to 7.5 hours of unpaid overtime each week, as opposed to some lower number.  Third, before Plaintiff would be entitled to any liquidated damages and the longer limitations period, the Court would need to conclude that any proven violations were willful.  Based on these factors and their own assessment of each party's claims and defenses, Plaintiff and Defendant agree that the negotiated settlement is a reasonable compromise of these disputed claims.

Based on these facts, the parties jointly and respectfully submit that, upon its review of the parties' agreement, the Court will agree that it represents a fair and reasonable compromise of Plaintiff's disputed claim, which is based upon, *inter alia*, the damages allegedly owed by Defendant to Plaintiff, the uncertainty regarding which overtime calculation methodology may apply to Plaintiff's claim, the uncertainty regarding whether Plaintiff can show a willful violation of the FLSA, the parties' respective assessments of the likelihood of Plaintiff's success on the merits of her claims, and the risks and costs of moving forward with this litigation.

Because Plaintiff has, at all times, been represented by counsel of her choice, and because the parties and their counsel agree that this settlement represents a fair and equitable resolution

of the above-styled action, the parties respectfully request that the Court approve the parties' settlement agreement following its review of said agreement and dismiss this action with prejudice. The parties are submitting a proposed order at the same time they are filing this joint motion.

### IV.     Attorney's Fees and Costs

As reflected in the agreement, Defendant has also agreed to pay the attorney's fees and costs of Plaintiff. As a result, Plaintiff will not have any additional obligation for costs or attorney's fees.

### V.     Conclusion

Based on the foregoing, the parties respectfully request the Court approve the settlement and enter the Proposed Order.

This the 10th day of April 2018.

| | |
|---|---|
| */s/ Anthony M. Georges-Pierre* | */s/ Cameron G. Kynes* |
| Anthony M. Georges-Pierre | Cameron G. Kynes |
| Florida Bar No. 533637 | Florida Bar No. 0116711 |
| agp@rgpattorneys.com | ckynes@mcguirewoods.com |
| Remer & Georges-Pierre, PLLC | McGuireWoods LLP |
| 44 West Flagler St., Suite 2200 | 50 North Laura Street, Suite 3300 |
| Miami, FL  33130 | Jacksonville, FL  32202 |
| Tel:  (305) 416-5000 / Fax:  (305) 416-5088 | Tel:  (904) 798-3411 / Fax:  (904) 798-3261 |
| *Attorney for Plaintiff* | and |

/s/ *Bruce M. Steen*
Bruce M. Steen
*Admitted pro hac vice*
bsteen@mcguirewoods.com
McGuireWoods LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 353-6244 / Fax: (904) 798-3261

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2018, a true and correct copy of the foregoing was filed using the Court's e-filing system, which will send notice to the following:

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler St., Suite 2200
Miami, Florida 33130

/s/ *Cameron G. Kynes*
Attorney

101144568_1